**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2382
_____

JOHN WHITE,
                                        Appellant
v.

THE HON COMPANY and STAPLES, INC.
_____

On Appeal from the United States District Court,
Eastern District of Pennsylvania
(Case No. 2-11-cv-04919)
District Judge: Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 18, 2013
_____

Before: FUENTES, CHAGARES, and BARRY, Circuit Judges.

(Opinion Filed:  April 5, 2013)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Appellant, John White, filed a complaint under the Uniform Commercial Code

against Appellees, The Hon Company and Staples, Inc., as manufacturers, marketers,

sellers and distributors of a chair from which White fell and sustained serious injuries

while at work. White claimed that the chair and its components were not merchantable, fit, and suitable for the ordinary purpose for which they were to be used. The District Court granted Appellees' motions to dismiss and White now appeals. We will affirm the judgment of the District Court[1].

## I.

Because we write primarily for the parties, we set forth only those facts that are relevant to our conclusion. White alleges that, on or about July 9, 2007, the chair on which he sat at work suddenly collapsed and caused him to fall to the floor and sustain serious injuries. White alleges that although the chair and its parts "were expressly and impliedly warranted by the defendants to be reasonably fit, merchantable and suitable for the ordinary purpose for which they were to be used," neither the chair nor its components lived up to this standard. Compl. ¶ IV, V. White initiated this action in the Court of Common Pleas of Philadelphia County on July 7, 2011, and the case was then removed to federal court. On January 4, 2012, White filed a complaint in the U.S. District Court for the Eastern District of Pennsylvania under the Uniform Commercial Code seeking damages for his personal injuries resulting from an alleged breach of warranty by The Hon Company ("Hon") and Staples, Inc. ("Staples"), as "manufacturers, marketers, sellers and distributors" of the chair that caused his injuries. Compl. ¶ II.

Both Hon and Staples moved to dismiss on the basis that White's claim was time-barred by the Pennsylvania statute of limitations. Under Pennsylvania law, an action for breach of warranty must commence within four years after the cause of action has

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

accrued.  13 Pa. C.S.A. § 2725.  A cause of action accrues when tender of delivery is made, except where a warranty explicitly covers future performance of the goods, in which case a cause of action accrues when the breach is or should have been discovered. Id.  That exception reads as follows:

> A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

13 Pa. C.S.A. § 2725(b).

Since White concedes that the date of delivery of the chair was more than four years before the time that he filed his complaint, White attempts to rely on this exception to extend the accrual of the cause of action to the time that he discovered the breach.  The District Court granted the motions to dismiss of Hon and Staples, concluding that White's complaint contained no averments or facts suggesting that a warranty explicitly extending to future performance of the chair exists and that, therefore, his claim was time-barred.

## II.

We exercise plenary review over a District Court's decision to grant a motion to dismiss.  Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010).  To survive a motion to dismiss, a complaint must contain sufficient facts "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

3

On appeal, White admits that delivery of the chair occurred more than four years before he initiated his lawsuit but turns to the provision of the Pennsylvania statute of limitations relating to future performance that would extend his timeframe for beginning this lawsuit. The crux of White's argument is that the District Court prematurely dismissed his complaint without giving him an opportunity to discover whether there is a warranty for the chair that explicitly extends to future performance so that he could file an amended complaint to state a timely cause of action.

White has failed to allege any factual content that would allow us to draw any reasonable inference that Hon and Staples are liable for the injuries that White has suffered. After White's fall, his office removed and discarded the chair. White is, therefore, unaware of the exact chair that led to his accident. He possesses no identifying information relating to the chair, such as a serial number or a tag, which would allow him to determine whether the chair is covered by any warranty that explicitly extends to future performance. It is unknown whether the chair is even covered by a warranty.

White may not attempt to use discovery as a fishing expedition to determine the existence of a warranty covering future performance and to seek out the facts necessary to establish a legally adequate complaint. See Ranke v. Sanofi-Synthelabo Inc., 436 F.3d 197, 204 (3d Cir. 2006); Bergin v. Teamsters Local Union No. 77, No. 10-2289, 2011 WL 486230, at *2 (E.D. Pa. Feb. 4, 2011) ("'Fishing expeditions' to seek out the facts needed to bring a legally sufficient complaint are barred by the pleading clarifications in Iqbal and Twombly.").

4

The District Court dismissed White's complaint but did not indicate whether it did so with or without prejudice. White never sought leave to amend his complaint, and the District Court did not advise White that he could amend his complaint. In any event, we conclude that any amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (holding that a court must inform a plaintiff who does not seek leave to amend that he may amend within a certain period of time unless such amendment would be inequitable or futile). White's attempt to find Hon and Staples liable for his injuries is nothing more than speculation. Therefore, White lacks the requisite information to state a plausible claim to relief.

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.